**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) | No. 82141-5-I |
| ROBERT RECCO MCMURTRY, | ) ) | PUBLISHED OPINION |
| Petitioner. | ) | |

BOWMAN, J. — In this personal restraint petition (PRP), Robert Recco McMurtry claims he received ineffective assistance of counsel at a community custody revocation hearing before the Indeterminate Sentence Review Board (ISRB). He argues the conditions imposed at the hearing unlawfully restrain him because his attorney's deficient performance deprived him of his right to effective representation under the Sixth Amendment to the United States Constitution. Because the Sixth Amendment right to counsel does not apply at an administrative hearing and McMurtry does not allege a procedural due process violation, we deny McMurtry's PRP.

FACTS

In 2002, McMurtry consumed alcohol and marijuana at a house party and sexually assaulted a stranger. The State charged him with second degree rape. A jury convicted McMurtry as charged, and the court sentenced him to a "determinate-plus"[1] sentence of 78 months to life in the custody of the

---

[1] McMurtry's determinate-plus sentence under former RCW 9.94A.712 (2001) equates to an indeterminate sentence under RCW 9.94A.507.

No. 82141-5-I/2

Department of Corrections (DOC). McMurtry served 73 months in confinement before DOC released him. He then began serving a lifetime of community custody under the supervision of the ISRB.

McMurtry's release from DOC came with conditions. The conditions included requirements that McMurtry stay each night at a residence approved by his community corrections officer (CCO), notify his CCO of any change in address, not possess firearms or ammunition, abstain from alcohol, and not enter bars, taverns, or lounges. McMurtry was also required to register as a sex offender.

In 2019, McMurtry's CCO suspected that McMurtry was not living at his approved residence. After investigating, the CCO charged McMurtry with seven community custody violations and arrested him. The CCO alleged McMurtry (1) changed his residence without CCO permission, (2) failed to register as a sex offender at that new address, (3) possessed alcohol, (4) possessed a firearm, (5) possessed ammunition, (6) visited bars, and (7) stayed overnight at an unapproved residence.

The ISRB held a community custody revocation hearing on McMurtry's alleged violations on October 24, 2019. At the hearing, the ISRB allowed an attorney to represent McMurtry. McMurtry pleaded guilty to four of the allegations, and the ISRB found him guilty of the other three after considering testimony and other evidence. The ISRB determined that it was appropriate to reinstate McMurtry's community custody rather than impose more jail time. It released McMurtry but imposed several community custody conditions. It again

2

No. 82141-5-I/3

ordered that McMurtry stay each night at a residence approved by his CCO. And it imposed several new conditions, including 90 days of electronic home monitoring (EHM), an 11:00 p.m. to 5:00 a.m. curfew, and 6 months of random urinalysis (UA) testing.

McMurtry timely filed this PRP.

ANALYSIS

Grounds for Relief

The ISRB argues we should dismiss McMurtry's PRP because he has no grounds for relief. According to the ISRB, McMurtry is not under restraint because the conditions it imposed based on McMurtry's community custody violations "either expired . . . or are largely redundant of unchallenged, previously-imposed conditions." We disagree in part.

Relief through a PRP is extraordinary. In re Pers. Restraint of Coats, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). To obtain relief, a petitioner must show that he is currently under restraint and that the restraint is unlawful. RAP 16.4(a); In re Pers. Restraint of Grantham, 168 Wn.2d 204, 213, 227 P.3d 285 (2010). Under RAP 16.4(b), a petitioner is under restraint if he has limited freedom because of a criminal or civil court decision, is confined, is subject to imminent confinement, or is under some other disability from a judgment or sentence in a criminal case. A petitioner who is subject to community custody conditions that limit his freedom is under restraint. In re Pers. Restraint of Martinez, 2 Wn. App. 2d 904, 910, 413 P.3d 1043 (2018) (ISRB condition forbidding parolee from entering Thurston County was a restraint), abrogated on other grounds by In re

3

No. 82141-5-I/4

<u>Pers. Restraint of Winton</u>, 196 Wn.2d 270, 474 P.3d 532 (2020).

After finding that McMurtry violated his conditions of community custody, the ISRB ordered that McMurtry spend every night at his approved residence unless he obtains written permission from his CCO to stay somewhere else. This requirement is the same as a previously imposed condition of release, so it does not amount to new restraint. The ISRB also imposed several new conditions, including 90 days of EHM and 6 months of random UA testing, beginning November 4, 2019. Those conditions have been satisfied, so they do not currently restrain McMurtry. But the ISRB also ordered that McMurtry "be present in [his] 'registered' residence every night between the hours of 11 PM and 5 AM." That condition has not expired and restrains McMurtry beyond those conditions previously imposed. As a result, McMurtry is under restraint and may seek relief of the curfew condition through a PRP.[2]

Ineffective Assistance of Counsel

McMurtry contends that his restraint is unlawful because his attorney was ineffective at his ISRB hearing. He urges us to evaluate his claim under the Sixth Amendment <u>Strickland</u>[3] test. Allegations of ineffective assistance of counsel present mixed questions of fact and law that we review de novo. <u>State v. Sutherby</u>, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

---

[2] In McMurtry's reply, he asserts he is also under restraint because of the "severe impact the [seven] different guilty findings will have on any future decisions made by his DOC officers and the ISRB for the remainder of his <u>lifetime</u> supervision by the [ISRB]." He cites no cases in support of that proposition, so we do not consider it. RAP 10.3(a)(6); <u>Cowiche Canyon Conservancy v. Bosley</u>, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (we do not consider argument unsupported by citation to authority).

[3] <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

4

No. 82141-5-I/5

The Sixth Amendment and article I, section 22 of the Washington State Constitution guarantee defendants the right to effective assistance of counsel in a criminal prosecution. The focus of the Sixth Amendment right to counsel is "whether the event for which the defendant argues counsel is necessary is a 'critical stage' of the criminal prosecution." Grisby v. Herzog, 190 Wn. App. 786, 796, 362 P.3d 763 (2015). When a defendant alleges ineffective assistance of counsel under the Sixth Amendment, we apply the two-part test established in Strickland to analyze the claim. 466 U.S. at 687. That is, we consider whether the defendant's counsel was deficient, and if so, whether that deficient performance prejudiced the defendant. Strickland, 466 U.S. at 687.

But revocation of a postconviction status like community custody is not a critical stage of a criminal proceeding. A parole revocation hearing is administrative, not criminal, and the Sixth Amendment right to counsel does not attach. Gagnon v. Scarpelli, 411 U.S. 778, 781, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); Grisby, 190 Wn. App. at 796. Because a parolee[4] has no Sixth Amendment right to counsel at an ISRB hearing, the Strickland test does not apply. See State v. Grier, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011) ("In Strickland, the United States Supreme Court set forth the prevailing standard under the Sixth Amendment for reversal of criminal convictions based on ineffective assistance of counsel.").

---

[4] Community custody in Washington amounts to parole. See Grisby, 190 Wn. App. at 800-01 (citing In re Pers. Restraint Petition of McNeal, 99 Wn. App. 617, 633, 994 P.2d 890 (2000)).

5

No. 82141-5-I/6

Even so, a postconviction revocation hearing can lead to a parolee's loss of liberty, so we have determined that a parolee may have a right to counsel at such a hearing when necessary to protect procedural due process under the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington State Constitution. Grisby, 190 Wn. App. at 789 (the procedural protection due to someone who faces revocation of community custody status includes, in some cases, the right to counsel at the revocation hearing). It is the responsibility of the correctional authority conducting the community custody hearing to determine, case by case, whether appointment of counsel is necessary to protect a parolee's procedural due process rights. Scarpelli, 411 U.S. at 790; Grisby, 190 Wn. App. at 798, 805-06. In doing so, the correctional authority considers factors like whether the parolee requested counsel, whether the parolee appears able to speak effectively for himself, and whether the case is complex or difficult to develop or present. Scarpelli, 411 U.S. at 790-91.

McMurtry asserts no due process claims in his PRP. Instead, he broadly declares that a "parolee has a state and federal constitutional right to effective assistance of counsel under the Sixth Amendment to the U.S. Const. and article I, section 22 of the Washington State Constitution once the [ISRB] has deemed that the parolee may have the assistance of counsel." In support, he cites State v. Estes, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017); Scarpelli, 411 U.S. at 782; and Grisby, 190 Wn. App. at 805. But none of those cases holds that a Sixth Amendment right to counsel attaches at a postconviction hearing. Estes

6

analyzes whether trial counsel was ineffective during the plea bargaining process. 188 Wn.2d at 453-54. And the other two cases recognize that any right to counsel at a postconviction hearing arises from the due process clause of the Fourteenth Amendment, not the Sixth Amendment. Scarpelli, 411 U.S. at 781-83; Grisby, 190 Wn. App. at 795-96.

Because the Sixth Amendment right to counsel does not attach to an administrative hearing and McMurtry asserts no procedural due process claim, we deny McMurtry's PRP.

_____
Brennan, J

WE CONCUR:

_____
Coburn, J.

_____
Andrus, A.C.J.